UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ESTATE OF NONNIE KASBEN, PENNY ABULARACH, WANDA BROWN, MICHAEL DICE, DALTON KASBEN, DESTINY KASBEN, JASON MCCAWLEY, and THOMAS SCALF, <br><br> Plaintiffs, <br><br> v. <br><br> CORRECTIONS CORPORATION OF AMERICA and METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, <br><br> Defendants. | Civil Action Number 3:16-CV-805 <br> Judge Waverly Crenshaw <br> Magistrate Judge Joe B. Brown <br> Jury Demand |

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants Corrections Corporation of America ("CCA") and the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") answer the allegations of the Complaint filed by Plaintiffs Estate of Nonnie Kasben, Penny Abularach, Wanda Brown, Michael Dice, Dalton Kasben, Destiny Kasben, Jason McCawley, and Thomas Scalf in this action as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Answer to Complaint, Docket Entry 1-1)

As to each allegation in the Complaint, Defendants respond as follows:

1. Defendants admit that Nonnie Kasben ("Kasben") was incarcerated at the Metro-Davidson County Detention Facility ("Detention Facility") on March 26, 2015. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 1 of the Complaint.

2. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint.

3. Defendants admit that the Detention Facility is located at 5115 Harding Place, Nashville, Davidson County, Tennessee.

4. Defendants admit that CCA operates the Detention Facility.

5. Defendants admit that CCA operates the Detention Facility and that Kasben was incarcerated at the Detention Facility on March 26, 2015.

6. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 6 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

7. Defendants admit that Kasben was incarcerated at the Detention Facility from January 27, 2015 through March 26, 2015.

8. Defendants admit that Kasben did not receive visitors at the Detention Facility in the days shortly before March 26, 2015.

9. At this point, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

10. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

11. Defendants admit that Kasben showed no signs of distress during breakfast on March 26, 2015. Defendants deny the remaining allegations in paragraph 11 of the Complaint and all allegations of wrongdoing.

12-14. Defendants deny the allegations in paragraphs 12 through 14 of the Complaint and all allegations of wrongdoing.

15. Defendants admit that CCA employees were on duty at the Detention Facility on March 26, 2015. The allegations in paragraph 15 of the Complaint regarding Defendants' duty to Kasben are legal arguments to which no response is required. Defendants deny the remaining allegations in paragraph 15 of the Complaint and all allegations of wrongdoing.

16. The allegations in paragraph 16 of the Complaint regarding Defendants' duty to Kasben are legal arguments to which no response is required. Defendants deny the remaining allegations in paragraph 16 of the Complaint and all allegations of wrongdoing.

17-18. Defendants deny the allegations in paragraphs 17 through 18 of the Complaint and all allegations of wrongdoing.

19. The allegations in paragraph 19 of the Complaint regarding Tenn. Code Ann. § 41-4-140 are legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 19 of the Complaint and all allegations of wrongdoing.

20-21. Defendants deny the allegations in paragraphs 20 through 21 of the Complaint and all allegations of wrongdoing.

Defendants deny that Plaintiffs are entitled to the relief that they seek in the Complaint.

All allegations not previously admitted hereby are denied.

## THIRD DEFENSE

Defendants acted at all times relevant to the Complaint in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause Kasben harm.

## FOURTH DEFENSE

Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

## FIFTH DEFENSE

Certain of the Plaintiffs are not proper parties to file this lawsuit.

## SIXTH DEFENSE

All or part of Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

## SEVENTH DEFENSE

Plaintiffs' claims against Defendants brought pursuant to Section 1983 fail to state a claim upon which relief can be granted because Plaintiffs cannot hold Defendants liable for the alleged constitutional violations of others on a *respondeat-superior* theory of liability.

## EIGHTH DEFENSE

Defendants were not deliberately indifferent.

## NINTH DEFENSE

Plaintiffs cannot prove the elements of a negligence claim -- that is, duty, breach, causation in fact, proximate cause, and damages.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of comparative fault.

## ELEVENTH DEFENSE

The actions of Kasben or others constitute the intervening, superseding cause of any and all injuries to Kasben.

## TWELFTH DEFENSE

Certain of Plaintiffs' claims sound in medical malpractice, and Plaintiffs failed to comply with Tenn. Code Ann. § 29-26-121 or Tenn. Code Ann. § 29-26-122.

## THIRTEENTH DEFENSE

There is no private right of action for alleged violations of Tenn. Code Ann. § 41-4-140.

## FOURTEENTH DEFENSE

Defendants rely upon any and all immunities, whether absolute or qualified.

## FIFTEENTH DEFENSE

To the extent that any liability exists, which Defendants deny, Metro is immune pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101, *et seq*. Alternatively, any liability of Metro is limited by the GTLA.

## SIXTEENTH DEFENSE

Metro is immune from suit pursuant to the Public Duty Doctrine.

Defendants request that the Court dismiss the Complaint with prejudice and tax costs to Plaintiffs.

Defendants demand a jury to try this cause.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn (#15076)
Erin Palmer Polly (#22221)
Paige M. Ayres (#34133)
Butler Snow LLP

The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee 37201
(615) 651-6700

*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

    I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this May 3, 2016, on the following:

Mark R. Olson
Taylor R. Dahl
Olson & Olson, PLC
112 South Second Street, Suite 200
Clarksville, Tennessee 37040

                                                                          /s/ Erin Palmer Polly

30889424v1